J-S07016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                        :
:
:
CLAUDIUS TAYLOR              :
:
Appellant              :     No. 1419 MDA 2018

Appeal from the PCRA Order Entered July 25, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001858-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: MAY 22, 2019**

Claudius Taylor appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We conclude the PCRA court did not err in finding Taylor's PCRA petition was untimely and therefore affirm.

On February 26, 2014, a jury found Taylor guilty of one count each of robbery-bodily injury, robbery-physical removal of property, unlawful restraint, indecent assault, theft by unlawful taking, and receiving stolen property, and two counts of simple assault.[1] The trial court sentenced Taylor to 38 months to 13½ years' incarceration. Taylor filed post-sentence motions, which the court denied on October 27, 2014.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3701(a)(1)(v), 2902(a)(1), 3126(a)(1), 3921(a), 3925(a), and 2701(a)(1), respectively.

Taylor filed a timely PCRA petition raising numerous claims of trial counsel ineffectiveness. The PCRA court denied the petition, this Court affirmed and, on July 6, 2017, the Pennsylvania Supreme Court denied Taylor's petition for allowance of appeal.

On September 25, 2017, Taylor filed the current PCRA petition, his second. The PCRA court appointed counsel, who filed an amended petition on May 4, 2018. Taylor claimed, in part, that his trial counsel was ineffective for failing to file a direct appeal and his PCRA counsel was ineffective for failing to argue trial counsel's ineffectiveness as to the direct appeal. The PCRA court filed notice of its intention to dismiss the petition without a hearing. Counsel filed a petition to withdraw as counsel and a **Turner/Finley**[2] letter. The PCRA court granted the petition to withdraw. Taylor filed a *pro se* response to the notice of intent to dismiss. On July 24, 2018, the PCRA court dismissed the petition as untimely. Taylor filed a timely notice of appeal.

Taylor did not include a statement of questions presented in his brief. However, it is clear from his brief that he claims that the PCRA court erred in finding his PCRA petition to be untimely, claims his petition is timely because his claim is "unwaivable" or, alternately, under the newly-discovered fact exception to the PCRA time bar, and seeks reinstatement of his direct appeal rights *nunc pro tunc*. Taylor's Br. at 1-4.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We must first determine whether Taylor timely filed the PCRA petition. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The trial court denied Taylor's post-sentence motions on October 27, 2014, and he did not file a notice of appeal. His conviction therefore became final on November 26, 2014, 30 days after the denial of his motion, when his time to file a direct appeal expired. **See** Pa.R.A.P. 903(a) (providing that "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). To be timely, Taylor was required to file his PCRA petition by November 26, 2015. **See** 42 Pa.C.S.A. § 9545(b)(1). His current petition, filed on September 25, 2017, is therefore facially untimely.

To overcome the one-year time bar, Taylor bore the burden of pleading and proving one of the three exceptions to the PCRA time bar: (i) unconstitutional interference by government officials; (ii) newly discovered facts that he could not have previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply

retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, the petition must have been "filed within 60 days of the date the claim could have been presented."[3] **See** 42 Pa.C.S.A. § 9545(b)(2) (amended 2018).[4]

The PCRA court found that Taylor's petition was untimely, that he did not plead any exception to the time bar, and that no exceptions applied. This was not error. Neither Taylor's *pro se* petition nor his amended petition raised an exception to the PCRA time bar. In his *pro se* response to the notice of intent to dismiss the petition, Taylor argued the claims were "unwaivable," but did not argue any exception to the time bar applied. A court lacks jurisdiction to review any claim raised in an untimely PCRA, including those that cannot be waived on direct appeal, unless the petition pleads and proves an exception to the time-bar. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011).

---

[3] Where the petitioner has a PCRA appeal pending, he cannot file a subsequent PCRA petition until resolution of the review of the pending petition. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). If filed more than a year after his judgment of sentence became final, the petitioner must still plead and prove one of the exceptions to the time bar applies. **Id.** The "subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'" **Id.** (quoting 42 Pa.C.S.A. § 9545(b)(2)).

[4] Effective December 24, 2018, the PCRA statute was amended to provide that petitioners must file a claim "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). This amendment, however, applies to claims arising on or after December 24, 2017. Taylor, therefore, was required to file his claim within 60 days of the date on which the claim could have been presented.

Taylor claims on appeal that his counsel's failure to file an appeal was a "new fact" and that Section 9545(b)(1)(ii) applied. To satisfy the newly-discovered fact exception, a PCRA petitioner must plead and prove that "the facts upon which the claim was predicated were unknown" to him and "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). Here, Taylor filed a timely PCRA petition and litigated numerous claims. It cannot be said that he could not have learned by the exercise of due diligence that his counsel did not file a direct appeal of his judgment of sentence such that it could have been raised in his first PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2019